THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOYCE SIMONS,<br><br>            Plaintiff,<br><br>    v.<br><br>CENVEO CORPORATION,<br><br>            Defendant. | CASE NO. C15-1598-JCC<br><br>ORDER ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 36, 37). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant Cenveo Corporation's motion and DENIES Plaintiff Joyce Simons's motion for the reasons explained herein.

**I.      BACKGROUND**

Ronald Simons, Plaintiff's husband, was initially hired by Defendant on December 10, 2001, as a regular, full-time employee. (Dkt. No. 36-2 at 56, 58.) On April 30, 2010, Mr. Simons retired and his company-provided basic life insurance terminated. (*Id.* at 47–49, 66–67.) However, on May 7, 2014, Defendant offered Mr. Simons a part-time Premium Maintenance position. (Dkt. No. 38-2 at 2.) Effective May 13, 2014, Mr. Simons was re-hired to work 30 hours per week or less and was "[b]enefits ineligible." (Dkt. No. 36-2 at 36.) Mr. Simons's last

day of work was June 30, 2014. (*Id.* at 9, 33.) Mr. Simons went on an unpaid non-Family and Medical Leave Act leave of absence from July 1 until July 24, 2014, (*id.* at 9–11), and passed away on July 24, 2014, (*id.* at 74). It is undisputed that between May 13, 2014, and July 24, 2014, Mr. Simons never worked more than 25 hours per week. (*Id.* at 1–12, 69.)

On September 16, 2014, Plaintiff sent a letter to Defendant, indicating that she had received a Benefits Enrollment Confirmation letter on June 30, 2014. (*Id.* at 69.) The Benefits Enrollment Confirmation stated, "This statement confirms your selected benefit options through the 2014 plan year." (*Id.* at 72.) The letter indicated that Mr. Simons had selected the "Basic Life/AD&D" plan (the Plan), effective July 1, 2014. (*Id.*)

Under the Plan, eligible employees were entitled to basic life insurance and accidental death and dismemberment insurance. (Dkt. No. 36-1.) An "employee" is defined by the Plan as

> an active employee residing in the United States who is employed by [Defendant] and is regularly scheduled to work on *at least a 35-hour-per-week-basis*. Such employees of companies and affiliates controlled by [Defendant] are included. Temporary and seasonal employees are excluded.

(*Id.* at 17) (emphasis added). The Plan also sets forth a "Schedule of Benefits" for hourly employees, with the lowest number of hours worked listed as 35 hours per week. (*Id.* at 4.)

In response to Plaintiff's claim to benefits under the Plan, Defendant determined that Plaintiff was not entitled to life insurance benefits because Mr. Simons worked less than 35 hours per week. (Dkt. No. 36-2 at 84, 112.) As such, Defendant denied Plaintiff's claim for coverage under the Plan. (*Id.*)

Plaintiff brought this action in Pierce County Superior Court, (Dkt. No. 1-1), and Defendant removed the action to this Court, (Dkt. No. 1). Plaintiff alleges Defendant violated § 1132(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*, by denying Plaintiff life insurance benefits. (Dkt. No. 15.) Both parties filed motions for

summary judgment.[1] (Dkt. Nos. 36, 37.)

## II. DISCUSSION

### A. Standards of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there-from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Where parties have filed cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135–36 (9th Cir. 2001). However, in this case, the arguments set forth in the

---

[1] Defendant requests that the Court strike the materials contained in Plaintiff's response (Dkt. No. 41) because Plaintiff filed her response a day later than the stipulated date for responses to be filed. (*See* Dkt. No. 33.) Although the Court does not condone late filings, the briefing in each parties' motion for summary judgment and response to the opposing party's motion for summary judgment is substantially the same. Therefore, this request is DENIED because there was no prejudice to Defendant, as the untimely response arguments were largely the same as Plaintiff's motion for summary judgment arguments.

1  parties' summary judgment motions are the same as those set forth in their responses to the
2  opposing party's summary judgment motion. The Court will therefore address the motions
3  together.
4        Finally, an ERISA challenge to a denial of benefits is reviewed *de novo*. *Firestone Tire*
5  *and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989).

6        **B.**      **The Plan Coverage**

7        First, the Court must decide if Mr. Simons was covered by the Plan. In reviewing a denial
8  of benefits, courts "interpret terms in ERISA insurance policies in an ordinary and popular sense
9  as would a person of average intelligence and experience." *Padfield v. AIG Life Ins. Co.*, 290
10 F.3d 1121, 1125 (9th Cir. 2002) (internal quotations omitted). "If a reasonable interpretation
11 favors the insurer and any other interpretation would be strained, no compulsion exists to torture
12 or twist the language of the policy." *Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th
13 Cir. 1995). However, if ambiguity exists, the Court must resolve it in favor of the insured. *Id.*
14       Plaintiff argues that because the Plan specifically excludes temporary and seasonal
15 workers, but not part-time workers, the failure to explicitly exclude part-time workers means Mr.
16 Simons was covered by the Plan. (Dkt. No. 37 at 5; Dkt. No. 41 at 4.) Defendant disagrees, and
17 argues that Mr. Simons is not covered because the plain language of the Plan required him to
18 work 35 hours per week in order to be covered. (Dkt. No. 36 at 8; Dkt. No. 40 at 2.) The Court
19 agrees with Defendant. The lack of inclusion of part-time employees from the enumerated
20 positions excluded from coverage is inconsequential because the rest of the Plan makes it
21 abundantly clear that employees must work 35 hours per week to be covered. (*See* Dkt. No. 36-1
22 at 17 (defining "employee"); *id.* at 4 (defining "Schedule of Benefits")). Nothing in the Plan
23 indicates that working less than 35 hours would entitle an employee to benefits under the Plan.
24 Interpreting the Plan any other way would "torture or twist the language of the policy." *Babikian*,
25 63 F.3d at 840. Moreover, there is no universal definition that specifies the hours worked by a
26 "part-time employee" and the term itself is ambiguous. Therefore, Mr. Simons was not covered

1 by the Plan and Defendant's denial of coverage was reasonable because it is undisputed that Mr.

2 Simons worked less than 35 hours per week.[2] Defendant's motion for summary judgment on this

3 issue is GRANTED and Plaintiff's motion for summary judgment on this issue is DENIED.

### C.  Equitable Estoppel

Plaintiff also argues that Defendant should be equitably estopped from denying Plaintiff life insurance benefits under the Plan because Defendant "unequivocally represented that it would provide Mr. Simons life insurance coverage" when it sent the Benefits Confirmation Form. (Dkt. No. 37 at 10–11.) Traditionally, the elements of estoppel are "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014) (internal quotations omitted). There are three additional elements, however, in the ERISA context. First, "a party cannot maintain a federal equitable estoppel claim in the ERISA context when recovery on the claim would contradict written plan provisions." *Id.* at 956. "Accordingly, a plaintiff may not bring an equitable estoppel claim that would result in a payment of benefits that would be inconsistent with the written plan." *Id.* Second, the ERISA beneficiary must establish "extraordinary circumstances." *Id.* Third, the ERISA beneficiary must establish that "the representations made about the plan were an interpretation of the plan, not an amendment or modification of the plan." *Id.* at 957.

Assuming without deciding that Plaintiff can establish the traditional elements of estoppel, the equitable estoppel claim fails because Plaintiff cannot meet the first ERISA-specific requirement. As the Court concluded above, Mr. Simons was not entitled to coverage under the

---

[2] Plaintiff and Defendant also dispute whether Mr. Simons was "actively working" when the Plan became effective. (Dkt. No. 36 at 9–10; Dkt. No. 37 at 7.) The Court need not consider these arguments, however, because Mr. Simons was not an employee under the terms of the Plan and, therefore, whether or not he was actively working is irrelevant.

Plan. Therefore, Plaintiff cannot maintain an equitable estoppel claim because it would result in a payment of benefits that would be inconsistent with the Plan. Defendant's motion for summary judgment on this issue is GRANTED and Plaintiff's motion for summary judgment on this issue is DENIED.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 36) is GRANTED and Plaintiff's motion for summary judgment (Dkt. No. 37) is DENIED. Plaintiff's claims are DISMISSED. The Clerk is DIRECTED to close this case.

DATED this 22nd day of March 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE